UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CLOVERLEAF ELECTRIC, LLC, *et al.*,[1]

Debtors.

________________________________/

Case No. 25-50310

Chapter 11
Jointly Administered

Judge Thomas J. Tucker

CLOVERLEAF ELECTRIC, LLC,

Plaintiff,

v.

Adv. No. 25-4217

UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,

Defendants.
________________________________/

**OPINION AND ORDER REGARDING THE PLAINTIFF'S AMENDED OBJECTION TO THE CLAIM FILED BY DEFENDANT UNITED FIRST, LLC**

## I. Introduction

This adversary proceeding presents a dispute between the Plaintiff, Cloverleaf Electric, LLC ("Cloverleaf" or the "Plaintiff"), a Chapter 11 bankruptcy debtor, and a Defendant that provided financing to the Debtor pre-petition, under what is commonly known as a merchant cash advance agreement.

On September 23, 2026, the Court held a hearing on two matters. The first matter was the partial motion to dismiss the Plaintiff's First Amended Complaint, filed by Defendant United First, LLC ("UF") (Docket # 72, the "Motion"). Today the Court has filed an opinion and order

[1] The Debtors in these jointly administered cases are Cloverleaf Electric, LLC (Case No. 25-50310) and Shawn Michael Hosner (Case No. 25-50313).

denying the Motion.

The second matter was the Plaintiff's amended objection to the proof of claim filed by UF in the Plaintiff's bankruptcy case. The Plaintiff filed its amended claim objection in both the main bankruptcy case[2] and in this adversary proceeding.[3] UF filed a response to each claim objection. By this opinion and order, the Court will rule on certain arguments made by UF, and otherwise leave the amended claim objection pending, for further resolution at a later date, in conjunction with the Plaintiff's claims in this adversary proceeding.

## II. Background

### A. UF's proof of claim

On February 10, 2026, UF timely filed a proof of claim in the Plaintiff's bankruptcy case, in the amount of $281,924.00.[4] As the basis of that claim, UF alleged "Breach of Purchase and Sale of Future Receipts Agreement."[5] The claim also stated that UF's claim is "secured by a lien on property" with a value in the full amount of the claim, namely, "Accounts/Future Receipts," and that the lien is perfected by a "UCC Financing Statement."[6] A copy of the referenced agreement and the UCC Financing Statement are attached to the proof of claim.

### B. This adversary proceeding

The Plaintiff filed this adversary proceeding on October 21, 2025. In its complaint, the

---

[2] Docket # 117 in Case No. 25-50310.

[3] Docket # 75.

[4] Claim No. 22-1, filed February 10, 2026 in Case No. 25-50310, at 2 ¶ 7.

[5] *Id.* at 2 ¶ 8.

[6] *Id.* at 2 ¶ 9.

Plaintiff named UF and six other parties as defendants. After the Plaintiff settled its claims with all of the other Defendants, only UF remains as a Defendant. UF filed a partial motion to dismiss the Plaintiff's complaint, and on June 16, 2026, the Court entered an Opinion and Order (Docket # 66, the "June 16 Order"), ruling on that motion.[7] The June 16 Order granted UF's motion in part and denied it in part, and gave the Plaintiff leave to file an amended complaint. The Plaintiff then filed its First Amended Complaint (Docket # 70, the "FAC"), and UF filed its Motion, seeking partial dismissal of the FAC.

More of the background and basic facts of this case, and the relevant facts of the Plaintiff's Chapter 11 bankruptcy case, are detailed in Parts I and II of the June 16 Order, and the Court incorporates that discussion into this Opinion and Order by reference. The Court also incorporates by reference, and reiterates, the rulings the Court made in the June 16 Order, to the extent they are relevant to the Plaintiff's claim objection.

**C. The Plaintiff's claim objection and amended claim objection**

On February 13, 2026, three days after UF filed its proof of claim, the Plaintiff filed an objection to the claim in the main bankruptcy case (the "Claim Objection").[8] The Claim Objection sought an order disallowing UF's claim in its entirety, or alternatively, an order allowing the claim as an unsecured claim. As the grounds for this relief, the Claim Objection

---

[7] The June 16 Order is published. *See Cloverleaf Elec., LLC v. United States Small Bus. Admin.* (*In re Cloverleaf Elec., LLC*), 679 B.R. 860 (Bank. E.D. Mich. 2026).

[8] "Debtor's Objection to Claim No. 22 Filed by United First, LLC" (Docket # 76 in Case No. 25-50310).

relied in part on certain counts of the Plaintiff's initial complaint in this adversary proceeding.[9]

After UF filed a response to the Claim Objection, the Court held a hearing on April 22, 2026, on both the Claim Objection and UF's motion to dismiss the Plaintiff's initial complaint. In an Order entered on April 22, 2026, the Court consolidated the Claim Objection with this adversary proceeding, "so that [the Claim Objection] may be decided on the merits along with the claims in the adversary proceeding."[10] Then, for the reasons stated in the Court's June 16 Order, that Order sustained the Claim Objection, in part, by ruling that UF's claim is entirely unsecured:

> IT IS ORDERED that . . . UF's claim in the Plaintiff's bankruptcy case is deemed, in its entirety, to be a non-priority, unsecured claim, to be treated as part of the class of such claims (Class XI) under the Plaintiff's confirmed Chapter 11 Plan, based on the allowed amount of UF's claim, which amount remains to be determined.[11]

The June 16 Order also "granted leave [to the Plaintiff] to file an amended claim objection," ordered that "[a]ny such amended claim objection . . . be filed in this adversary proceeding rather than in the main bankruptcy case," and required that it "be filed, if at all" no later than June 30, 2026."[12] On June 26, 2026, based on a stipulation of the parties, the Court

---

[9] The Claim Objection also relied on arguments made in a brief the Plaintiff filed early in the bankruptcy case, in support of the Plaintiff's motion for authority to use cash collateral. (*See* "Debtor's Reply to United First, LLC Objection to Cash Collateral") (Docket # 24 in Case No. 25-50310)). Those arguments are the same as those made in Counts I and III of the Plaintiff's original complaint.

[10] "Order Consolidating the Debtor's Objection to Claim No. 22 of United First, LLC with Adversary Proceeding No. 25-4217" (Docket # 112 in Case No. 25-50310). A copy of this Order was also filed in this adversary proceeding at Docket # 56.

[11] June 16 Order (Docket # 66) at 24 ¶ 7.

[12] *Id.* at 24 ¶ 8.

entered an order extending the June 30, 2026 deadline, to July 7, 2026 (the "June 26 Order").[13]

The Plaintiff timely filed an amended claim objection on the day of the July 7, 2026 deadline, but mistakenly filed it in the main bankruptcy case,[14] rather than in this adversary proceeding as directed by the June 16 Order. UF filed a response to that amended claim objection, also in the main bankruptcy case, on August 14, 2026.[15] Among other things, UF pointed out the Plaintiff's mistake in filing the amended claim objection in the main case rather than in this adversary proceeding.

Two days later, on August 16, 2026, the Plaintiff refiled its amended claim objection, in this adversary proceeding (the "Amended Claim Objection").[16] That Amended Claim Objection addresses (and apologizes for) the Plaintiff's mistake in filing the objection in the main case, but otherwise is in substance the same as the version mistakenly filed on July 7, 2026 in the main case.

After UF filed a response to the Amended Claim Objection, in this adversary proceeding,[17] the Court held a hearing on the two amended claim objections, *i.e.*, the one filed in the main case and the one filed in this adversary proceeding.

## III. Discussion

---

[13] "Order Extending Deadlines Set by the Court's [June 16 Order]" (Docket # 69) at 2.

[14] "Debtor's Amended Objection to Claim No. 22 Filed by United First, LLC" (Docket # 117 in Case No. 25-50310).

[15] Docket # 118 in Case No. 25-50310.

[16] Docket # 75.

[17] Docket # 80.

As noted above, in the June 16 Order, the Court sustained the Plaintiff's original claim objection in part, to the extent of ruling that UF's claim in the bankruptcy case is deemed, in its entirety, to be a non-priority, unsecured claim, in an amount to be determined. The Amended Claim Objection now seeks an order disallowing UF's claim in its entirety. As the grounds for this relief, the Claim Objection relies primarily on certain claims alleged in the Plaintiff's FAC in this adversary proceeding.[18] The Amended Claim Objection states, in pertinent part:

> 9. Proof of Claim No. 22 was the subject of issues raised in the first day motion for use of cash collateral. (*See* Debtor's Response to Objections to Use of Cash Collateral, ECF No. 24). Additionally, the claim of [UF] is currently the subject of the Amended Complaint filed in the Adversary Proceeding brought by Cloverleaf against [UF] (Adversary Case No. 25-4217) (the "Adversary Proceeding").
>
> 10. The Amended Complaint filed in the Adversary Proceeding seeks a determination that agreements entered into between Cloverleaf and [UF]: (a) constitute loan agreements and not an agreement for the sale of Cloverleaf's future receivables; (b) any attempt to characterize the agreements in question as agreements for the sale of future receivables, is not legally enforceable; (c) as contracts of adhesion, the agreements are void and unenforceable; (d) the procedural unfairness surrounding formation of the [UF] Agreement, together with its substantively oppressive and one-sided provisions, render the agreement unconscionable and unenforceable under New York law; (e) the [UF] Agreement is unenforceable and void because the interest rate charged violates New York's usury laws; (f) pursuant to 11 USC § 506, the claim of [UF] is junior to the liens of the United States, SBA; and (g) there is no value over and above the claim of the SBA which the claim of [UF] would attach to, relegating the claim of [UF] to unsecured status. Additionally, the Adversary Proceeding seeks the avoidance

---

[18] In the Amended Claim Objection, the Plaintiff also relies, once again, on arguments made in a brief the Plaintiff filed early in the bankruptcy case, in support of the Plaintiff's motion for authority to use cash collateral. (*See* "Debtor's Reply to United First, LLC Objection to Cash Collateral") (Docket # 24 in Case No. 25-50310). At least one of those arguments is the same as one made in Count II of the Plaintiff's FAC.

> and recovery of payments made by Cloverleaf to [UF] as preferential and/or fraudulent transfers.
>
> 11. To the extent claimant fails or refuses to pay the estate any liabilities owed, the claim is subject to disallowance pursuant to 11 USC § 502(d).
>
> 12. In support of its Objections, the Debtor relies on the pending adversary proceeding, the authority and analysis of *In re Watchmen Sec. LLC,* 2024 Bankr.LEXIS 2871 (Bkrtcy.SD Ind. 2024); *M Design Vill. V Versant Funding LLC (In re M Design Vill.),* 2025 Bankr.LEXIS 1778 (Bankr.D.NJ 2025); and *In re IVF Orlando, Inc.,* 2025 Bankr.LEXIS 2573 (Bankr.M.D.Fla. 2025), and the arguments set forth in the "Debtor's Reply to United First, LLC Objection to Cash Collateral" [ECF No. 24].[19]

UF argues that the Court should overrule the Amended Claim Objection, for several reasons. The Court now rejects several of UF's arguments, and will leave the Amended Claim Objection pending for further proceedings on the merits, consolidated with the further proceedings in this adversary proceeding on the Plaintiff's FAC claims.

As an initial housekeeping matter, the Court will deem the amended claim objection filed in the main bankruptcy case to be superseded and replaced by the Amended Claim Objection, filed in this adversary proceeding. As the Court made clear in its April 22, 2026 Order in the main bankruptcy case, and in the June 16 Order in this adversary proceeding, the Court has consolidated the Plaintiff's Claim Objection with this adversary proceeding, and required that any amended claim objection the Plaintiff filed be filed in this adversary proceeding, rather than in the main bankruptcy case. The Court's intention, for obvious reasons of efficiency and judicial economy, is to decide the merits of what is now the Plaintiff's Amended Claim Objection in conjunction with the merits of the Plaintiff's claims in its FAC. As noted above, the

[19] Am. Claim Obj. (Docket # 75) at 2-5.

Court already has ruled on the Plaintiff's original Claim Objection that UF's claim is entirely an unsecured, non-priority claim, in an amount to be determined. The amount to be determined, including whether the claim should be allowed in any amount at all, is what remains of the Plaintiff's Claim Cbjection, in the form of the Amended Claim Objection. The Court reiterates its prior ruling that such determination should and will be made in consolidation with, and as part of, this adversary proceeding.

UF's arguments for overruling the Amended Claim Objection at this time are unavailing, for the following reasons.

First, UF argues that the Amended Claim Objection should be overruled because the Plaintiff failed to file it in this adversary proceeding in a timely fashion, and mistakenly filed it (in a timely fashion) in the main bankruptcy case. The Court disagrees. In its discretion, the Court will excuse these mistakes by the Plaintiff. The Court finds "good cause" to modify, retroactively, the schedule set by the June 16 Order and the extended deadline set by the June 26 Order.[20] *See* Fed. R. Civ. P. 16(b)(4) (made applicable in this adversary proceeding by Fed. R. Bankr. P. 7016(a) (the court may modify "[a] schedule" in an adversary proceeding for "good cause"). The Court disagrees with UF's argument that the Court must find that there was "excusable neglect" on the part of the Plaintiff and its attorney, within the meaning of Fed. R. Bankr. P. 9006(b)(1)(B). But if such a finding is required, the Court so finds.

The Plaintiff's miscues here were inadvertent, and caused UF no prejudice that UF could not have easily avoided, and should have avoided. The Court agrees with the sentiments expressed by the Plaintiff in its Amended Claim Objection:

---

[20] Docket ## 66, 69.

> The [June 16 Order] directed the [Plaintiff] to file any Objection to the Proof of Claim filed by [UF] in the Adversary Proceeding. On July 7, 2026, the undersigned mistakenly filed the Amended Claim Objection in the main case [25-50310, ECF No. 117]. The present Amended Corrected Objection is filed pursuant to the authority of the [June 16 Order] of the Court. The [Plaintiff] apologizes for the mistake, but does not believe [UF] . . . is prejudiced by the mistaken filing. **Obviously, [UF] received notice of the mistakenly filed Objection. Furthermore, and to the extent it complains that it was put to the expense of responding to the Notice of the mistakenly filed Objection, this could have been avoided by a simple call to counsel for the [Plaintiff], advising of the mistaken filing and the need to file the objection in the correct case.** [21]

The Court views UF's argument as an unreasonable attempt to take advantage of what, in the grand scheme of things, was a minor (albeit surprising) mistake by the Plaintiff's counsel.

Second, UF argues that the Amended Claim Objection should be overruled, without further ado, because it does not include any *evidence* — "affidavit, declaration, accounting, payment history or other evidence" rebutting "the prima facie validity or $281,924 amount of Claim No. 22."[22] The Court disagrees. The Court is aware of the rules governing burdens of production and burdens of proof with respect to claim objections. These were discussed at length by the undersigned judge in a prior case, cited by UF, *In re TAJ Graphics Enters., LLC*, 601 B.R. 451, 464-67 (Bankr. E.D. Mich. 2019). But the time for the Plaintiff to present evidence in support of its Amended Claim Objection has not yet come. The Amended Claim Objection is, in

---

[21] Am. Claim Obj. (Docket # 75) at 2-3 ¶ 7 (emphasis added).

[22] UF Resp. to [Amended Claim Objection] (Docket # 80) at 5. UF's response also incorporates by reference the same argument that it made, in more detail, in its response to the Plaintiff's amended claim objection filed in the main bankruptcy case. *See* UF's Resp. to Debtor's Am. Obj. to Claim No. 22 (Docket # 118 in Case No. 25-50310) at 8-10. The Court has considered that more detailed argument in making its current ruling.

essence, still at the pleadings stage. So far, the Court has held only an initial hearing, first on the original Claim Objection in the main bankruptcy case, on April 22, 2026, and then on the Amended Claim Objection in this adversary proceeding, on September 23, 2026. Under this Court's local rules, the general rule and practice is that such initial claim objection hearings are *not* to be evidentiary hearings. L.B.R. 3007-1(d) (E.D. Mich.), which governs claim objections, states that "[u]nless the court orders otherwise, the initial hearing on an objection to claim will not be an evidentiary hearing. If the court determines that an evidentiary hearing is necessary, the court will schedule a separate evidentiary hearing." And unlike Fed. R. Bankr. P. 3001(c), which requires that certain supporting information be filed with certain types of proof of claim, Fed. R. Bankr. P. 3007, which governs objections to claims, contains no such requirement.

The time for the parties to present evidence will be at one of these future times: (1) when and if the parties file motions for summary judgment regarding the Amended Claim Objection,[23] and/or regarding some or all of the Plaintiff's claims in the FAC; and (2) at a trial on claims in the FAC and an evidentiary hearing on the Amended Claim Objection, which likely will be held on a consolidated basis.[24]

For present purposes, it is sufficient to go forward on the Amended Claim Objection if it states grounds that, *if established and proven*, will result in a reduction or elimination of the

---

[23] Whether the Amended Claim Objection is viewed as a contested matter under Fed. R. Bankr. P. 9014 or a matter under the rules specifically applicable to adversary proceedings, Fed. R. Civ. P. 56, the summary judgment rule, will apply to the Amended Claim Objection. *See* Fed. R. Bankr. P. 9014(c); 7056.

[24] *See generally* Fed. R. Bankr. P. 9014(c) (making Fed. R. Bankr. P. 7042 applicable to a contested matter); Fed. R. Bankr. P. 7042 (making Fed. R. Civ. P. 42 applicable in adversary proceedings).

claim that is allowed for UF. And it does.[25]

## III. Conclusion

For the reasons stated above, the Court enters the following order.

IT IS ORDERED that:

1. The Court reiterates and adopts the ruling in the June 16 Order, that:

> UF's claim in the Plaintiff's bankruptcy case is deemed, in its entirety, to be a non-priority, unsecured claim, to be treated as part of the class of such claims (Class XI) under the Plaintiff's confirmed Chapter 11 Plan, based on the allowed amount of UF's claim, which amount remains to be determined.[26]

2. The amended claim objection filed the Plaintiff in the main bankruptcy case (Docket # 117 in Case No. 25-50310) is deemed superceded and replaced by the Amended Claim Objection filed in this adversary proceeding (Docket # 75).

3. The request by UF that the Court overrule, at this time, the Amended Claim Objection, is denied in its entirety. The Amended Claim Objection will remain pending in this adversary proceeding, for a future determination on the merits, on a consolidated basis with the merits of the Plaintiff's claims in the FAC.

4. The scheduling order in this adversary proceeding, as modified to date,[27] and as it may be modified in the future, will apply to the Amended Claim Objection.

---

[25] During the hearing, UF's counsel also argued that the Court should overrule the Amended Claim Objection because it is not stated with a sufficiently detailed analysis. The Court disagrees. The Amended Claim Objection expressly relies on claims stated in the FAC, and those are pled with ample and sufficient specificity.

[26] June 16 Order (Docket # 66) at 24.

[27] *See* Docket ## 38, 53, 62, 67, 79, and 83.

**Signed on November 10, 2026**

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**